IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TONY TERRELL CAMPBELL,

          Plaintiff,

v.                                     CIVIL ACTION NO. 5:02-1233

KEVIN FRANCO,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that the Court grant the defendant's motion to dismiss or alternatively for summary judgment and dismiss this case with prejudice. The plaintiff has filed an objection to the Magistrate Judge's findings and recommendation and has requested an attorney.

      The Court has reviewed the plaintiff's memorandum entitled "Plaintiff's Objection to Report and Recommendation." In his memorandum, the plaintiff discusses the exhaustion requirement of the Prison Litigation Reform Act. However, the Magistrate Judge's proposed findings of fact and recommendation for disposition was not based on exhaustion. In fact, the Magistrate Judge recommended that the motion to dismiss for failure to exhaust be denied. As such, this Court finds no merit to the plaintiff's objection.

The plaintiff also in his objections requests an attorney to assist him with his case. While indigent litigants do not have a constitutional right to appointment of counsel in a civil case, if the district court believes that "a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). The Court finds that the plaintiff has failed to show that he has a colorable claim. Therefore, the Court **DENIES** the plaintiff's request for an attorney.

In his complaint the plaintiff claims that he entitled to relief pursuant to *Bivens v. Six Unknown Named Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Specifically, the plaintiff alleges that the defendant racially discriminated against him and subjected him to mental and verbal abuse. To state a *Bivens* claim, the plaintiff must allege (1) that the defendants are federal agents; (2) that the defendants acted under the color of their authority; and (3) that the defendants engaged in unconstitutional conduct. *Biven*, 403 U.S. at 389, 396-97. The Magistrate Judge characterized the plaintiffs complaint of verbal and mental abuse as alleging a violation of his Eighth Amendment to be free from cruel and unusual punishment. In considering the plaintiff's claims, the Magistrate Judge found that his allegations of verbal harassment accompanied by finger pointing, while possibly improper and offensive to the plaintiff, do not rise to the level necessary to sustain an Eighth Amendment claim. Additionally, the plaintiff claims that the defendant racially discriminated against him by searching his prison cell. However, the plaintiff does not allege any facts to show that other inmates of different races were not similarly treated nor did he establish that the search of his cell was conducted because of his race. The Magistrate Judge

found that the plaintiff's allegations of racial discrimination were conclusory and failed to state a constitutional claim.

While the Magistrate Judge's findings that the plaintiff failed to make viable claims under *Bivens* were sufficient to grant the defendant's motion to dismiss, the Magistrate Judge went on to consider whether the defendant was protected by qualified immunity. Government officials are "generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because the Magistrate Judge found that the plaintiff failed to allege sufficient facts to establish a deprivation of an established constitutional right, the defendant's qualified immunity defense is meritorious.

Although the plaintiff failed to object to the Magistrate Judge's findings and recommendations concerning the plaintiff's *Bivens* claims and the defendant's qualified immunity defense, the Court has carefully reviewed the plaintiff's claims and the Magistrate Judge's reasoning in recommending dismissal. Accordingly, the Court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and **GRANTS** the defendant's motion to dismiss or in the alternative for summary judgment, **DISMISSES** this case with prejudice and **REMOVES** this matter from the Court's docket consistent with the findings and recommendation.

The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented parties.

ENTER:     February 9, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE